UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
STEPHEN E. STRAUSS,

          Plaintiff,

  -against-

ARCHITECTURAL INTERIOR MAINTENANCE, INC.,
JOHN LANGENBACHER COMPANY, INC.,
JOAN L. BOYD, as Owner of Architectural Interior
Maintenance, Inc., JOAN L. BOYD, as Owner of
John Langenbacher Company, Inc., and JOAN L. BOYD,
Individually, MATTHEW H. BOYD, as President of
Architectural Interior Maintenance, MATTHEW H. BOYD
as CEO of John Langenbacher Company, Inc., and
MATTHEW H. BOYD, Individually, WILLIAM BOYD, as
Former President of John Langenbacher Company Inc.,
and WILLIAM BOYD, Individually, MICHAEL HANRAHAN,
as Corporate Attorney for Architectural Interior Maintenance,
Inc., and MICHAEL HANRAHAN, Individually,

          Defendants.
------------------------------------------------------------------------X

Civil Action No.
08 CV 1862
(DC)

**ANSWER**

  Defendants, Architectural Interior Maintenance, Inc. ("AIM"), John Langenbacher Co. Inc., sued herein as John Langenbacher Company, Inc. ("JLC"), Joan L. Boyd, as Owner of Architectural Interior Maintenance, Inc., Joan L. Boyd, as Owner of John Langenbacher Company, Inc., Joan L. Boyd, Individually, Matthew H. Boyd, as President of Architectural Interior Maintenance, Inc., Matthew H. Boyd as CEO of John Langenbacher Company, Inc., and Matthew H. Boyd, Individually, by their attorneys, Meltzer, Lippe, Goldstein & Breitstone, LLP, answer the Complaint as follows:

  1.  Defendants, AIM, JLC, Joan L. Boyd, and Matthew H. Boyd deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "1" of the Complaint.

2. Defendants, AIM, JLC, Joan L. Boyd, and Matthew H. Boyd deny the allegations contained in paragraph "2" of the Complaint except to admit that Defendant, AIM is a New York corporation.

3. Defendants, AIM, JLC, Joan L. Boyd, and Matthew H. Boyd deny the allegations contained in paragraph "3" of the Complaint except to admit that Defendant, John Langenbacher Co., Inc. sued herein as John Langenbacher Company, Inc. is a New York corporation.

4. Defendants, AIM, JLC, Joan L. Boyd, and Matthew H. Boyd deny the allegations contained in paragraph "4" of the Complaint except to admit that Defendant, Joan L. Boyd is the majority shareholder of both Architectural Interior Maintenance, Inc. and John Langenbacher Co., Inc. sued herein as John Langenbacher Company, Inc.

5. Defendants, AIM, JLC, Joan L. Boyd, and Matthew H. Boyd deny the allegations contained in paragraph "5" of the Complaint except to admit that Defendant, Matthew H. Boyd is the President of Architectural Interior Maintenance, Inc. and the CEO of John Langenbacher Co., Inc. sued herein as John Langenbacher Company, Inc.

6. Defendants, AIM, JLC, Joan L. Boyd, and Matthew H. Boyd deny the allegations contained in paragraph "6" of the Complaint except to admit that Defendant, William Boyd is the former President of John Langenbacher Co., Inc. sued herein as John Langenbacher Company, Inc. and that his primary residence is 216 Barker Street, Bedford, New York 10506.

7. Defendants, AIM, JLC, Joan L. Boyd, and Matthew H. Boyd denies the allegations contained in paragraph "7" of the Complaint except to admit that Defendant, Michael Hanrahan is the attorney for Defendants, Architectural Interior Maintenance, Inc. and John Langenbacher Co., Inc. sued herein as John Langenbacher Company, Inc. and maintains offices at 438 5th Avenue, Pelham, New York 10803.

8. Defendants, AIM, JLC, Joan L. Boyd, and Matthew H. Boyd deny the allegations contained in paragraph "8" of the Complaint and refer all conclusions of law to the Court.

## COMMON NUCLEUS OF OPERATIVE FACTS

9. Defendants, AIM, JLC, Joan L. Boyd, and Matthew H. Boyd denies the allegations contained in paragraph "9" of the Complaint except to admit that on or about March 2006, Plaintiff resigned his employment as Vice President and General Manager of Architectural Interior Maintenance, Inc. and his role as consultant of John Langenbacher Co., Inc. sued herein as John Langenbacher Company, Inc.

10. Defendants, AIM, JLC, Joan L. Boyd, and Matthew H. Boyd admit the allegations contained in paragraph "10" of the Complaint.

11. Defendants, AIM, JLC, Joan L. Boyd, and Matthew H. Boyd deny the allegations contained in paragraph "11" of the Complaint except to admit that in May 2006, Matthew Boyd advised Plaintiff that he could return to Defendant, AIM and JLC.

12. Defendants, AIM, JLC, Joan L. Boyd, and Matthew H. Boyd deny the allegations contained in paragraph "12" of the Complaint and state that neither AIM nor JLC ever entered into a written employment contract with Plaintiff.

13. Defendants, AIM, JLC, Joan L. Boyd, and Matthew H. Boyd deny the allegations contained in paragraph "13" of the Complaint and state that neither AIM nor JLC ever entered into a written employment contract with Plaintiff.

14. Defendants, AIM, JLC, Joan L. Boyd, and Matthew H. Boyd deny the allegations contained in paragraph "14" of the Complaint and state that neither AIM nor JLC ever entered into a written employment contract with Plaintiff.

15. Defendants, AIM, JLC, Joan L. Boyd, and Matthew H. Boyd deny the allegations contained in paragraph "15" of the Complaint and state that neither AIM nor JLC ever entered into a written employment contract with Plaintiff.

16. Defendants, AIM, JLC, Joan L. Boyd, and Matthew H. Boyd deny the allegations contained in paragraph "16" of the Complaint and state that neither AIM nor JLC ever entered into a written employment contract with Plaintiff.

17. Defendants, AIM, JLC, Joan L. Boyd, and Matthew H. Boyd deny the allegations contained in paragraph "17" of the Complaint and state that neither AIM nor JLC ever entered into a written employment contract with Plaintiff.

18. Defendants, AIM, JLC, Joan L. Boyd, and Matthew H. Boyd deny the allegations contained in paragraph "18" of the Complaint and state that neither AIM nor JLC ever entered into a written employment contract with Plaintiff.

### AS AND FOR RESPOSNE TO PLAINTIFF'S FIRST CAUSE OF ACTION FOR BREACH OF CONTRACT

19. In response to paragraph "19" of the Complaint, Defendants, AIM, JLC, Joan L. Boyd, and Matthew H. Boyd repeat, reiterate, and re-allege each and every response to paragraphs "1" through "18" of the Complaint as if more fully set forth at length herein.

20. Defendants, AIM, JLC, Joan L. Boyd, and Matthew H. Boyd deny the allegations contained in paragraph "20" of the Complaint except to admit that in January 2008, a decision was made to close JLC and AIM.

21. Defendants, AIM, JLC, Joan L. Boyd, and Matthew H. Boyd admit the allegations contained in paragraph "21" of the Complaint.

22. Defendants, AIM, JLC, Joan L. Boyd, and Matthew H. Boyd deny the allegations contained in paragraph "22" of the Complaint and state that neither AIM nor JLC ever entered into a written employment contract with Plaintiff.

23. Defendants, AIM, JLC, Joan L. Boyd, and Matthew H. Boyd deny the allegations contained in paragraph "23" of the Complaint and state that neither AIM nor JLC ever entered into a written employment contract with Plaintiff.

24. Defendants, AIM, JLC, Joan L. Boyd, and Matthew H. Boyd deny the allegations contained in paragraph "24" of the Complaint and state that neither AIM nor JLC ever entered into a written employment contract with Plaintiff.

### AS AND FOR A RESPONSE TO PLAINTIFF'S SECOND CAUSE OF ACTION FOR FRAUD

25. In response to paragraph "25" of the Complaint, Defendants, AIM, JLC, Joan L. Boyd, and Matthew H. Boyd repeat, reiterate, and re-allege each and every response to paragraphs "1" through "24" of the Complaint as if more fully set forth at length herein.

26. Defendants, AIM, JLC, Joan L. Boyd, and Matthew H. Boyd deny the allegations contained in paragraph "26" of the Complaint except to admit that Plaintiff left Defendants, AIM and JLC in March 2006 and subsequently secured employment with RIMI Corporate Facilities Refurbishing.

27. Defendants, AIM, JLC, Joan L. Boyd, and Matthew H. Boyd deny the allegations contained in paragraph "27" of the Complaint.

28. Defendants, AIM, JLC, Joan L. Boyd, and Matthew H. Boyd deny the allegations contained in paragraph "28" of the Complaint except to admit that in or about April 2006, Defendant, William Boyd was terminated from his position as President of John Langenbacher Co., Inc.

29. Defendants, AIM, JLC, Joan L. Boyd, and Matthew H. Boyd deny the allegations contained in paragraph "29" of the Complaint except to admit that in May 2006, Plaintiff had meetings and telephone discussions with Michael Hanrahan and Matthew Boyd during which Plaintiff agreed to return to AIM and JLC and that Plaintiff demanded an employment contract but neither AIM nor JLC ever entered into a written employment contract with Plaintiff.

30. Defendants, AIM, JLC, Joan L. Boyd, and Matthew H. Boyd deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "30" of the Complaint except to deny that there was a written employment contract as between Plaintiff and either AIM or JLC.

31. Defendants, AIM, JLC, Joan L. Boyd, and Matthew H. Boyd deny the allegations contained in paragraph "31" of the Complaint.

32. Defendants, AIM, JLC, Joan L. Boyd, and Matthew H. Boyd deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "32" of the Complaint.

33. Defendants, AIM, JLC, Joan L. Boyd, and Matthew H. Boyd deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "33" of the Complaint except to admit that in August 2006, Plaintiff submitted a cost-cutting plan to Defendant, Michael Hanrahan.

34. Defendants, AIM, JLC, Joan L. Boyd, and Matthew H. Boyd deny the allegations contained in paragraph "34" of the Complaint except to admit that in or about May 2006, Plaintiff took it upon himself to collect receivables in arrears and that JLC performed some work at Vanguard's owner's residence.

35. Defendants, AIM, JLC, Joan L. Boyd, and Matthew H. Boyd deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "35" of the Complaint except to admit that in or about October 2006, Defendant, Michael Hanrahan consulted with attorney Lawrence Reich as tax counsel and any such conversations among AIM, JLC, Joan L. Boyd, and Matthew H. Boyd are protected by attorney-client privilege.

36. Defendants, AIM, JLC, Joan L. Boyd, and Matthew H. Boyd deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "36" of the Complaint except to admit that in or about November 2006, Defendant, Michael Hanrahan retained Abe Backenroth to provide advice relating to AIM and JLC business and any such conversations among AIM, JLC, Joan L. Boyd, and Matthew H. Boyd are protected by attorney-client privilege.

37. Defendants, AIM, JLC, Joan L. Boyd, and Matthew H. Boyd deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "37" of the Complaint except to admit that there were discussions regarding forming a lending entity.

38. Defendants, AIM, JLC, Joan L. Boyd, and Matthew H. Boyd deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "38" of the Complaint except to admit that there was a collective decision made to have JLC resign from membership in the Manufacturing Woodworkers' Association.

39. Defendants, AIM, JLC, Joan L. Boyd, and Matthew H. Boyd deny the allegations contained in paragraph "39" of the Complaint except to admit that in or about May 2007, Plaintiff caused JLC to resign from membership in the Manufacturing Woodworkers' Association.

40. Defendants, AIM, JLC, Joan L. Boyd, and Matthew H. Boyd deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "40" of the Complaint.

41. Defendants, AIM, JLC, Joan L. Boyd, and Matthew H. Boyd deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "41" of the Complaint.

42. Defendants, AIM, JLC, Joan L. Boyd, and Matthew H. Boyd deny the allegations contained in paragraph "42" of the Complaint.

43. Defendants, AIM, JLC, Joan L. Boyd, and Matthew H. Boyd deny the allegations contained in paragraph "43" of the Complaint except to admit that a considerable amount of money was "swept" from JLC's accounts by the IRS and the State of New York as part of levies against JLC for non-payment of Withholding Tax debt; that levies by the IRS had also been brought against Matthew Boyd and Joan L. Boyd; and that Matthew Boyd told Plaintiff that he set up two (2) new companies to possibly continue the business at a later date.

44. Defendants, AIM, JLC, Joan L. Boyd, and Matthew H. Boyd deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "44" of the Complaint.

45. Defendants, AIM, JLC, Joan L. Boyd, and Matthew H. Boyd deny the allegations contained in paragraph "45" of the Complaint except to admit that some work was performed at the residence of the owner of LAVAL Construction.

46. Defendants, AIM, JLC, Joan L. Boyd, and Matthew H. Boyd deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "46" of the Complaint.

47. Defendants, AIM, JLC, Joan L. Boyd, and Matthew H. Boyd deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "47" of the Complaint.

48. Defendants, AIM, JLC, Joan L. Boyd, and Matthew H. Boyd deny the allegations contained in paragraph "48" of the Complaint except to admit Plaintiff cautioned Matthew Boyd not to execute Waivers of Lien.

49. Defendants, AIM, JLC, Joan L. Boyd, and Matthew H. Boyd deny the allegations contained in paragraph "49" of the Complaint except to admit that a general contractor threatened suit under the default clause of its contract and that the Carpenters' Union shut down projects but the projects were back up and running within a reasonable period of time.

50. Defendants, AIM, JLC, Joan L. Boyd, and Matthew H. Boyd deny the allegations contained in paragraph "50" of the Complaint except to deny knowledge or information sufficient to form a belief as to whether Plaintiff brought a second grievance against Michael Hanrahan and to admit that on or about January 25, 2008, Plaintiff was told at a meeting that AIM and JLC should be shut down immediately and that on or about January 30, 2008, Plaintiff was told that his employment would be terminated effective February 15, 2008.

51. Defendants, AIM, JLC, Joan L. Boyd, and Matthew H. Boyd deny the allegations contained in paragraph "51" of the Complaint except to deny knowledge or information sufficient to form a belief as to whether Plaintiff brought a third grievance against Michael Hanrahan in February 2008.

52. Defendants, AIM, JLC, Joan L. Boyd, and Matthew H. Boyd deny the allegations contained in paragraph "52" of the Complaint.

53. Defendants, AIM, JLC, Joan L. Boyd, and Matthew H. Boyd deny the allegations contained in paragraph "53" of the Complaint.

54. Defendants, AIM, JLC, Joan L. Boyd, and Matthew H. Boyd deny the allegations contained in paragraph "54" of the Complaint.

55. Defendants, AIM, JLC, Joan L. Boyd, and Matthew H. Boyd deny the allegations contained in paragraph "55" of the Complaint.

56. Defendants, AIM, JLC, Joan L. Boyd, and Matthew H. Boyd deny the allegations contained in paragraph "56" of the Complaint.

### AS AND FOR AN ANSWER TO PLAINTIFF'S THIRD CAUSE OF ACTION FOR DAMAGES UNDER SECTION 349(A) OF THE GENERAL BUSINESS LAW OF THE STATE OF NEW YORK

57. In response to paragraph "57" of the Complaint, Defendants, AIM, JLC, Joan L. Boyd, and Matthew H. Boyd repeat, reiterate, and re-allege each and every response to paragraphs "1" through "56" of the Complaint as if more fully set forth at length herein.

58. Defendants, AIM, JLC, Joan L. Boyd, and Matthew H. Boyd deny the allegations contained in paragraph "58" of the Complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

59. The Complaint fails to state a cause of action upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

60. There was never a written employment contract as between Plaintiff and either AIM or JLC.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

61. Plaintiff was an employee at will and could have been fired at any time for any reason or no reason at all.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

62. Plaintiff's second cause of action is barred pursuant to the case of <u>Smalley v. Dreyfus Corporation, et al.</u>, 10 N.Y.3d 55 (2008).

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

63. Plaintiff's third cause of action is barred because the Complaint does not allege that plaintiff is a consumer and, as such, New York General Business Law § 349(a) is not applicable to this case. Furthermore, the conduct of the defendants, even if true, which Defendants, AIM, JLC, Joan L. Boyd, and Matthew H. Boyd vehemently deny, did not affect the public at large, but rather only the parties to the instant litigation such that the third cause of action is barred as a matter of law.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

64. The case should be dismissed as a matter of law because the Court does not have subject matter jurisdiction as there is no complete diversity pursuant to 28 U.S.C. § 1332(a)(1) because Plaintiff and Defendant, Matthew H. Boyd are both residents of the State of Connecticut.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

65. The Complaint is barred by the doctrines of waiver, estoppel, laches, and unclean hands.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

66. The Complaint is barred because Plaintiff, to proceed on his claim, seeks to break the attorney-client privilege between JLC, AIM, and its corporate counsel, Defendant, Michael Hanrahan.

WHEREFORE, Defendants, AIM, JLC, Joan L. Boyd, and Matthew H. Boyd, demand judgment dismissing Plaintiff's Complaint, together with costs and disbursements, and such other and further relief that to this Court may seem just, proper, and equitable.

Dated: Mineola, New York
       June 17, 2008

>    Yours, etc.,
>
>    MELTZER, LIPPE, GOLDSTEIN & BREITSTONE, LLP
>    Attorneys for Defendants, AIM, JLC, Joan L. Boyd, and
>    Matthew H. Boyd
>
>    By: /s/ John M. Comiskey
>        Jonathan D. Farrell (JF 7324)
>        Michael H. Masri (MM 3540)
>        John M. Comiskey (JC 6883)
>        190 Willis Avenue
>        Mineola, New York 11501
>        (516) 747-0300

TO: Jason M. Wolf, Esq.
    Wolf & Wolf LLP
    Attorneys for Plaintiff
    910 Grand Concourse, Suite 1F
    Bronx, New York 10451

    George R. Hinckley, Jr., Esq.
    Traiger & Hinckley LLP
    Attorneys for Defendant, Michael Hanrahan
    880 Third Avenue, 9th Floor
    New York, New York 10022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
STEPHEN E. STRAUSS,

                Plaintiff,

-against-

ARCHITECTURAL INTERIOR MAINTENANCE, INC.,
JOHN LANGENBACHER COMPANY, INC.,
JOAN L. BOYD, as Owner of Architectural Interior
Maintenance, Inc., JOAN L. BOYD, as Owner of
John Langenbacher Company, Inc., and JOAN L. BOYD,
Individually, MATTHEW H. BOYD, as President of
Architectural Interior Maintenance, MATTHEW H. BOYD
as CEO of John Langenbacher Company, Inc., and
MATTHEW H. BOYD, Individually, WILLIAM BOYD, as
Former President of John Langenbacher Company Inc.,
and WILLIAM BOYD, Individually, MICHAEL HANRAHAN,
as Corporate Attorney for Architectural Interior Maintenance,
Inc., and MICHAEL HANRAHAN, Individually,

                Defendants.
------------------------------------------------------------------X

Civil Action No.
08 CV 1862
(DC)

**AFFIDAVIT OF SERVICE**

STATE OF NEW YORK  )
                          ) ss.:
COUNTY OF NASSAU   )

Patricia L. Murphy, being duly sworn, deposes and says: I am not a party to this action; I am over 18 years of age; I reside in Nassau County, New York.

On June 17, 2008, I served a true and correct copy of the within *Answer* by delivering same in enclosed in a post-paid, properly addressed first-class wrapper, in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York upon:

                Jason M. Wolf, Esq.
                Wolf & Wolf LLP
                Attorneys for Plaintiff
                910 Grand Concourse, Suite 1F
                Bronx, New York 10451

IManage:435906.1

George R. Hinckley, Jr., Esq.
Traiger & Hinckley LLP
Attorneys for Defendant, Michael Hanrahan
880 Third Avenue, 9th Floor
New York, New York 10022

*[signature: Patricia L. Murphy]*
Patricia L. Murphy

Sworn to before me this
17th day of June 2008

*[signature: John M. Comiskey]*
Notary Public

**JOHN M. COMISKEY**
**Notary Public, State of New York**
**No. 02CO6183367**
**Qualified in Nassau County**
**Commission Expires** 3/17/2012

IManage:435906.1